**TAK CHEONG HAU, Petitioner,**

v.

**A.D. MOYER, etc., Respondent.**

**No. 83 C 5622.**

United States District Court, N.D. Illinois, E.D.

Oct. 28, 1983.

James Coghlan, Chicago, Ill., for petitioner.

Robert D. Vinikoor, Sp. Asst. U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This matter is before me on a petition for a writ of habeas corpus filed by Tak Cheong Hau against A.D. Moyer, the District Director of the Immigration and Naturalization Service (INS), seeking to enjoin the INS from effecting the petitioner's deportation from the United States. Both parties have filed briefs relating to the petition. I have heard arguments of counsel on this case and have reviewed the administrative record.

The petitioner, who is a native of Hong Kong, B.C.C., entered the United States near Buffalo, New York on October 2, 1981, without inspection by an immigration officer. On December 12, 1981, the petitioner was arrested by the Chicago Police Department and charged with theft, robbery, unlawful restraint and intimidation. He was thereafter released on bond pending trial on these charges. On May 13, 1982, the INS brought deportation proceedings against petitioner by issuing an Order to Show Cause charging him with being deportable for having entered the country illegally, without inspection pursuant to 8 U.S.C. § 1251(a)(2). At a deportation hearing held on June 18, 1982, petitioner conceded deportability and was ordered deported from the United States by the immigration judge. This decision was not appealed.

In the interim, petitioner was placed under an order of supervision effectively staying his deportation, pending the disposition of the criminal proceedings against him in the Cook County Circuit Court. On March 15, 1983, petitioner was convicted of two felonies, unlawful restraint and intimidation, and on August 10, 1983, he was sentenced to probation on one of these felony counts and a term of periodic imprisonment on the other consisting of one day per week for fifty-two weeks to be spent in jail.

Following the imposition of sentence, the petitioner was served with a request from the INS for him to report for his deporta-

tion, which the petitioner fulfilled on August 15, 1983. At that time, Hau submitted a request for a stay of deportation to the District Director of the INS. This request was denied on August 18, 1983, and the instant petition for habeas corpus followed.

■ Petitioner first asserts in his petition, although he did not press this point at oral argument, that he should not be deported because he is married to a lawful permanent resident alien and a "Petition to Classify Status of an Alien Relative for Issuance of an Immigrant Visa" (I–130 petition) has been filed on his behalf. The filing of this I–130 petition, however, does not entitle Hau to automatic admission to the United States, but would merely qualify him, if it were granted, for classification under the second preference category as the spouse of a permanent resident alien. As such, he would still be subject to the numerical limitations imposed on immigrant visas. Even if the petitioner's spouse were to become a naturalized citizen of the United States and could therefore possibly exclude the petitioner from the numerical limitations imposed on immigrant visas, this would still not authorize automatic admission of the petitioner. *Di-Figueroa v. Immigration and Naturalization Service*, 501 F.2d 191, 195 (7th Cir. 1974). I find petitioner Hau's first contention that he is entitled to remain in the United States because his wife is a permanent resident alien who has submitted an I–130 petition on his behalf to be devoid of merit.

Petitioner's next argument is that pursuant to Section 242(h) of the Immigration and Naturalization Act (the Act) 8 U.S.C. § 1252(h), the District Director cannot lawfully effect his deportation until he completes his sentence to a term of periodic imprisonment as ordered by the circuit court. Section 242(h) of the Act provides:

An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, probation, or possibility of rearrest or

further confinement in respect to the same offense shall not be ground for deferral of deportation.

Title 18 of the United States Code defines imprisonment as follows:

"Imprisonment" means a penalty imposed by a court under which the individual is confined to an institution. 18 U.S.C. § 4101(b) (1983).

It is manifest that as far as the federal system is concerned the Act contemplates a stay of deportation following the imposition of a sentence of continuous incarceration. The listed exceptions, parole, probation, possibility of rearrest or further confinement for the same offense, were drafted prior to the creation of periodic imprisonment under state law and cannot therefore be construed as the only exceptions to the rule that an alien sentenced to imprisonment shall not be deported. Even if they were the only exceptions, I would still have to address the threshold question of whether or not periodic imprisonment under Illinois law is imprisonment for purposes of the Immigration and Naturalization Act. For this reason the argument cited by petitioner, via the maxim, that where exceptions to a general rule are designated all omissions are intended to be excluded, is not controlling.

The Unified Code of Corrections of Illinois, Ill.Rev.Stat.1983, Ch. 38, § 1005–1–10 defines imprisonment as follows:

"Imprisonment" means incarceration in a correctional institution under a sentence of imprisonment and does not include "periodic imprisonment" under Article 7.

This would seem to dispose of the question presented in this case were it not for Article 7, which in providing for a sentence of periodic imprisonment recites that:

A sentence of periodic imprisonment *is a sentence of imprisonment* during which the committed person may be released for periods of time during the day or night or for periods of days; or both.... (emphasis added). Ill.Rev.Stat.1983, Ch. 38 § 1005–7–1(a).

The two provisions when read together are somewhat ambiguous.

 As a general rule of statutory construction, the statutory definition of words to be used elsewhere in the same statute furnishes official and authoritative evidence of legislative intent and meaning and should be given controlling effect. 1A Sands (Southerland), *Statutes and Statutory Construction* § 27.02 (4th ed. 1972 & supp. 1983). Illinois follows this rule. *See, Mette v. Feltgen,* 148 Ill. 357, 36 N.E. 81 (1894). Where the definitional clause is clear, it should ordinarily control the meaning of words used in the remainder of the Act because of its authoritative nature. *Id.* This leads to the conclusion that periodic imprisonment under Illinois statutes is not imprisonment for purposes of the Immigration and Nationality Act. In this view of the case, periodic imprisonment falls somewhere between imprisonment and outright release and is distinct from probation or work release.

The federal laws provide for a system that is similar to Illinois periodic imprisonment through the use of conditions on probation. 18 U.S.C. § 3651. That this federal system is administered under the authority granted pursuant to the probation statute and a person sentenced under these provisions is considered to be on probation supports the conclusion that a sentence imposed by a federal court similar to that imposed on the petitioner here would also not be a sentence to imprisonment under the Act.

A published opinion of the Attorney General of Illinois, while advisory only and not binding on a court of law, does interpret the pertinent Illinois statutes and sheds some light on the issue presented herein, although the Attorney General was presented with a somewhat different background question. *See,* 1976 Illinois Attorney General Reports No. 5–1056. The issue before the Attorney General was whether a person serving a felony sentence on work release, periodic imprisonment, probation, conditional discharge or parole has a right to vote. The Attorney General reasoned that a person serving a sentence of periodic imprisonment does have a right to vote if he otherwise qualifies. The opinion reads in pertinent part:

> From the definition of "imprisonment" it is also clear that a person under the sentence of periodic imprisonment is not considered imprisoned. (Citing Ill.Rev. Stat.1983, Ch. 38 § 1005–1–10).

The opinion goes on to distinguish between the voting rights of persons on periodic imprisonment and those on work release. The key distinction noted was that the decision that a person should be on work release is made by the Department of Corrections, and the person is only permitted to leave the institution for reasonable hours and is not otherwise released. The Attorney General concluded that the person sentenced to work release is still considered imprisoned. This clearly distinguishes periodic imprisonment which can only be imposed by a judge of the state of Illinois and as such the person sentenced to periodic imprisonment is under the authority of the courts and not the Department of Corrections.

The rule of law to be applied in a deportation case of this sort is that because deportation might be a drastic penalty, the statute in question should be given the narrowest of several possible meanings. *Fong Hau Tan v. Phelan,* 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433 (1948). In a recent case before the Supreme Court, however, the majority reasoned that the Attorney General of the United States and his delegates, specifically the District Director of the INS, have the authority to construe a term in a statute narrowly should they deem it wise to do so. *Immigration and Naturalization Service v. Jong Ha Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981). And the Court stated that the administrative branch's construction and application of the standard should not be overturned simply because the reviewing court may prefer another interpretation of the statute. *Id.* at 144, 101 S.Ct. at 1031. Here, the INS made the determination in the first instance that

a sentence to periodic imprisonment under Illinois law is not imprisonment as that term is used in Section 242(h) of the Immigration and Nationality Act. The determination of the INS here is supported by the law sufficiently to cause me to defer to this administrative interpretation.

And while a cursory review of the statutes of other states in the circuit reveals that the District Director may not be able to fashion a system which treats aliens located in different states identically, this is not required as the treatment accorded a person under federal law often varies from state to state because of the impact of state law or policy.

■ The petitioner has also argued that the District Director should be estopped on equitable grounds from effecting his deportation, due to the fact that his deportation was stayed in order to allow the state to complete the criminal proceedings against the petitioner and the government now seeks his deportation allegedly because of the "light" sentence given him by the state court. I find this argument unavailing because the Act itself and the regulations thereunder contemplate a stay of deportation until after a criminal trial is concluded and provide for immediate deportation if the defendant in the state criminal case is not sentenced to imprisonment. Regulation § 243.4 of Title 8 provides:

> The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate.

And Section 242(h) of the Act, does not allow the deportation of an alien sentenced to imprisonment until after the release of the alien from confinement. Under the Act, if the INS stayed deportation pending the outcome of a criminal proceeding and the alien was sentenced to probation, he would be deportable immediately and no estoppel would come into play. The fact that an alien is sentenced to periodic imprisonment, instead of probation or completely released should not create an equitable bar to his deportation.

■ Lastly, the decision of the District Director denying the petitioner's application for a stay of deportation did not constitute an abuse of discretion. As a general proposition, an abuse of discretion is only to be found if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Absent a clear showing of an abuse of discretion, a decision of a District Director denying a stay of deportation will not be set aside by a reviewing court. *Kladis v. Immigration and Naturalization Service*, 343 F.2d 513, 515 (7th Cir.1965). In this case, it is clear that the District Director considered the factors raised by the petitioner in his request and articulated a reasoned decision. Given the facts presented by this case his request cannot be said to be an abuse of discretion.

In view of the foregoing, the petition for habeas corpus is denied. So ordered.