993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin D. MAYBERRY, Plaintiff-Appellant,
v.
William J. HUDSON, Defendant-Appellee.
 No. 92-2358.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before MERRITT, Chief Judge, and KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Marvin Mayberry, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Mayberry sued a state parole board member in his individual capacity, alleging that the defendant violated his due process rights by arbitrarily denying him a parole eligibility hearing in violation of Michigan law and a judicially ordered consent decree. Both Mayberry and the defendant filed motions for summary judgment. The magistrate judge concluded that Mayberry's claim lacked merit, and recommended that defendant's motion for summary judgment be granted. Over Mayberry's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Plaintiff has filed a timely appeal.
 
 
 3
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Prisoners do not have an inherent constitutional right to parole. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Nor has Michigan created a liberty interest in parole or parole-eligibility review. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Hurst v. Department of Corrections Parole Bd., 325 N.W.2d 615, 616 (Mich.App.1982). The consent decree in Sweeton v. Johnson, No. 77-72230-DT (August 28, 1981) also does not create a liberty interest in biennial parole hearings. See DeGidio v. Pung, 920 F.2d 525, 535 (8th Cir.1990).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.