**John MARSHALL, Plaintiff–Appellant,**

v.

**Cranston MITCHELL; State Board of Probation and Parole, Defendants–Appellees.**

No. 94–1914.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided June 15, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 1, 1995.

---

David T. Holt, Kansas City, MO, for appellant.

James R. McAdams, Asst. Atty. Gen., Jefferson City, MO, for appellees.

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*] Senior District Judge.

LOKEN, Circuit Judge.

Missouri inmate John Marshall appeals the dismissal of his pro se complaint as frivolous. *See* 28 U.S.C. § 1915(d). Seeking injunctive and damage relief under 42 U.S.C. § 1983, Marshall's complaint alleges that defendants violated his Fourteenth Amendment right to procedural due process when one member of a three-member Parole Hearing Panel left in the middle of a hearing to consider Marshall's application for parole. The district court[1] dismissed Marshall's complaint because "the statutes and regulations cited by plaintiff do not create a liberty or property interest which is entitled to protection under the due process clause. They merely mandate certain procedures and conduct; they do not create any substantive standards by which plaintiff's release or continued incarceration is to be measured." We affirm.

■ The due process clause does not guarantee an inmate a right to parole, but a State's parole statutes and regulations may create a liberty interest that is entitled to due process protection. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979). "A liberty interest is created if state law contains 'substantive predicates' to the exercise of discretion and 'specific directives to the decision-maker that if the regulations' substantive predicates are present, a particular outcome must follow.' Procedural guidelines, such as a mandatory hearing, are not enough to create a liberty interest." *Swenson v. Trickey,* 995 F.2d 132, 134 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993), quoting *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989).

■ The Missouri parole statutes give the State Board of Probation and Parole virtually unlimited discretion to place an eligible offender on parole "when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen." Mo.Rev. Stat. § 217.690.2. Unlike an earlier statute that was similar to the Nebraska statute found to create a liberty interest in *Greenholtz,* one of the present Missouri statutes expressly provides, "Nothing contained in this section shall be construed to require the release of an offender on parole." § 217.690.9. This court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment. *See Ingrassia v. Purk-*

---

[*] The HONORABLE JOHN BAILEY JONES, Senior United States District Judge for the District of South Dakota, sitting by designation.

[1]. The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri, who adopted the Report, Recommendation, and Order of the HONORABLE WILLIAM A. KNOX, United States Magistrate Judge for the Western District of Missouri.

*ett,* 985 F.2d 987, 988 (8th Cir.1993); *Maggard v. Wyrick,* 800 F.2d 195, 198 (8th Cir. 1986), *cert. denied,* 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987); *Gale v. Moore,* 763 F.2d 341, 343 (8th Cir.1985); *Green v. Black,* 755 F.2d 687, 688 (8th Cir.1985).

Marshall argues that the Missouri statutes contain the requisite mandatory language because they provide that "[t]he hearing panel shall consist of one member of the board and two hearing officers appointed by the board," § 217.690, and that "the board shall have the offender appear before a hearing panel and shall conduct a personal interview with him," § 217.690.2. Marshall contends that the Hearing Panel member violated these statutory mandates when he walked out of the hearing, and therefore Marshall is entitled to § 1983 due process relief.

■ This contention confuses state-mandated procedures with the "substantive predicates" that state law must contain in order to create a liberty interest. The Missouri statutes require that the Board comply with certain procedures but explicitly decline to impose substantive predicates on the Board's discretionary parole decisions. Thus, the statutes create no liberty interest in those decisions. As Marshall has not identified any non-statutory "particularized standards or criteria [that] guide the state's decisionmakers," *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983), his § 1983 complaint must be dismissed.

The judgment of the district court is affirmed.