Richard JOHNSON, Plaintiff,

v.

Eric HOWARD, Prison Guard, and
B. Martyn, Prison Guard,
Defendants.

No. 1:96CV662.

United States District Court,
W.D. Michigan,
Southern Division.

Sept. 9, 1998.

Randall S. Levine, Levine & Levine, Kalamazoo, MI, for Richard Johnson.

Richard M.C. Adams, Asst. Atty. General, Terry Norton, Asst. Atty. General, Frank J. Kelley, Attorney General, Corrections Division, Lansing, MI, for Eric Howard.

Richard M.C. Adams, Asst. Atty. General, Terry Norton, Asst. Atty. General, Lansing, MI, for B. Martin.

Terry Norton, Asst. Atty. General, Lansing, MI, for Teddy Strassburg, Michael P. Rynd, Douglas Thelen, Roy Conrad, Pete Vidor.

### ORDER

ENSLEN, Chief Judge.

In accordance with the Court's opinion of this date;

**IT IS HEREBY ORDERED** that Plaintiff Richard Johnson's Objection to Magistrate Judge's Order denying appointment of counsel is **GRANTED;**

**IT IS FURTHER ORDERED** that counsel will be named by separate order.

### OPINION

This matter is before the Court on Plaintiff Richard Johnson's Objection to the Magistrate Judge's Order denying the plaintiff's request for appointment of counsel. The plaintiff is a prisoner incarcerated at Ionia Maximum Correctional Facility. The plain-

tiff seeks counsel in a civil rights action filed *in forma pauperis* under 42 U.S.C. § 1983, alleging that Defendant Eric Howard beat him during a cell transfer and that Defendant Brad Martyn watched the beating without intervening.

## DISCUSSION

The plaintiff filed the underlying motion, seeking appointment of counsel, on March 3, 1998. The plaintiff alleged that he was acting *pro se* in this matter, but that he, as a prisoner, was barred by prison policy from obtaining prison housing records that might help him discover witnesses to the alleged beating or to locate released prisoners who may have witnessed the alleged beating. However, prison policy would allow his attorney to obtain such records. In light of this policy and his perceived inability to represent himself at trial, the plaintiff moved for appointment of counsel under 28 U.S.C. § 1915(e)(1). The magistrate judge denied the motion on March 17, 1998 and the plaintiff filed this objection.

 A magistrate judge's order on a non-dispositive motion, such as a motion to appoint counsel, may only be modified or set aside if the order is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). In both civil rights and habeas cases, prisoners have a right of meaningful access to the courts. *John L. v. Adams,* 969 F.2d 228, 232 (6th Cir.1992). Although there is generally no right to counsel in such cases, counsel may be appointed in exceptional cases. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993). Such exceptional circumstances exist where a prisoner acting pro se has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir.1981); *Wright v. Dallas County Sheriff Dept.,* 660 F.2d 623, 625 (5th Cir.1981); *Stringer v. Rowe,* 616 F.2d 993, 1001 (7th Cir.1980); *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir.1978); *Shields v. Jackson,* 570 F.2d 284, 286 (8th Cir.1978).

In this case, the plaintiff has presented a colorable claim, as evidenced by his ability to survive a summary judgment mo-

tion. Further, the prison policy which bars plaintiff from searching for potential witnesses to the alleged beating creates an unusual barrier to adequate investigation, preparation and presentation of his claim. For these reasons, the Court finds that the Magistrate Judge's order denying appointment of counsel under 28 U.S.C. § 1915(e)(1) was clearly erroneous and that counsel should be requested for the plaintiff.

## CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's objection to the Magistrate Judge's Order denying appointment of counsel. Counsel will be appointed by separate order.