**Vladamir LEMESHKO, Petitioner,**

v.

**Philip WRONA, Respondent.**

**No. 03–CV–72042–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 9, 2004.

Nancy B. Pridgen, United States Attorney's Office, Detroit, MI, for Defendant.

*ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND TO APPOINT COUNSEL, AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PETITIONER'S HABEAS CORPUS ACTION*

ROSEN, District Judge.

This matter having come before the Court on (1) the March 23, 2004 Order of United States Magistrate Judge Mona K. Majzoub denying Petitioner's Motion for discovery and to appoint counsel, and (2) the Magistrate Judge's Report and Recommendation of that same date recommending that the Court deny Vladamir Lemeshko's petition for a writ of habeas corpus, and that this case, accordingly, be dismissed; and Petitioner having timely filed Objections to both of these matters; and the Court having reviewed the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objections thereto, and the Court's file of this action and having concluded that, for the reasons stated by the Magistrate Judge, no discovery is required and no appointment of counsel is necessary, and the petition for habeas corpus relief should be denied; and

the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Magistrate Judge's Order of March 23, 2004 denying Petitioner's Motion for discovery and to appoint counsel is AFFIRMED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation of March 23, 2004 be, and hereby is, adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Vladamir Lemeshko's petition for habeas corpus relief be, and hereby is DENIED and the above-captioned case, therefore, is DISMISSED.

█ IT IS FURTHER ORDERED that, for the reasons stated by the Magistrate Judge, pursuant to 28 U.S.C. § 2243(c), no certificate of appealability should issue for purposes of appeal of this matter. The Court will also deny Petitioner leave to appeal *in forma pauperis.* A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis,* where the appeal would be frivolous. *Hence v. Smith,* 49 F.Supp.2d 547, 549 (E.D.Mich.1999).

### JUDGMENT

The Court having this date entered an Order (1) adopting the Magistrate Judge's March 23, 2004 Report and Recommendation, (2) denying Plaintiff's petition for habeas corpus relief, and (3) dismissing this case,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Vladamir Lemshko's petition for habeas corpus relief be, and hereby is, DENIED and accordingly, this case is DISMISSED.

## REPORT AND RECOMMENDATION

MAJZOUB, United States Magistrate Judge.

RECOMMENDATION: This Court recommends that Petitioner's Application for the Writ of Habeas Corpus be DENIED.

\*　　\*　　\*　　\*　　\*　　\*

Petitioner, a native of Ukraine, is currently confined at the Riverside Correctional Facility in Ionia, Michigan. Petitioner was lawfully admitted to the United States in October 1989 and became a lawful permanent resident on October 31, 1990 (Respondent's (Rspd) Exhibit B, Notice to Appear). On February 8, 1996, Petitioner was convicted of the felony offense of attempted false pretenses contrary to Mich. Comp. Laws. § 750.218-B(A), and on April 15, 1996, he was sentenced to one year probation (Rspd. Exhibit C, Conviction Records). Petitioner violated the terms of his probation and on February 24, 1999, he was sentenced to one to five years imprisonment in the Michigan Department of Corrections (MDOC).

On April 8, 1998, Petitioner was convicted of two separate felony offenses contrary to Mich. Comp. Laws § 750.249. For these offenses, he was sentenced to a term of one year imprisonment followed by two years of probation (Rspd. Exhibit C). Petitioner again violated the terms of his probation and was sentenced to one to twenty-one years imprisonment.

On March 1, 2000, former Immigration and Naturalization Service (INS) issued a Notice to Appear alleging that Petitioner was subject to removal under the Immigration and Nationality Act (INA) §§ 237(a)(2)(A)(ii)-(iii) for having been convicted of two or more crimes involving moral turpitude and an aggravated felony (Rspd. Exhibit A, Notice to Appear). On September 14, 2000, petitioner was ordered removed to Ukraine (Rspd. Exhibit D). While Petitioner's removal proceedings were pending, INS took Petitioner into custody pursuant to INA § 236(c). Petitioner then filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. After Petitioner's removal proceedings were finalized and pursuant to INA § 241(a)(6), Petitioner was released on supervised custody on December 22, 2000 (Rspd, Exhibit E). Because Petitioner was no longer in the custody of INS, Judge Friedman, of this District, dismissed his application for the Writ of Habeas Corpus.

On July 1, 2001, Petitioner plead guilty to first degree retail fraud, contrary to Mich. Comp. Laws §§ 750.356C, 769.12 (Respnd. Exhibits F, G). He was sentenced to a term of fourteen months to ten years imprisonment which he is still currently serving. On May 24, 2002, INS issued a detainer

On June 5, 2003, Petitioner filed the instant application for the Writ of Habeas Corpus seeking his "release from I.N.S. custody and impending detention" In his application, he raised the following grounds:

I. PETITIONER'S PRO SE APPLICATION SHOULD BE VIEWED LIBERALLY

II. PETITIONER CURRENTLY IS "IN CUSTODY" OF THE I.N.S.

III. I.N.S.'S MANDATORY DETENTION AND REVIEW IS UNCONSTITUTIONAL

IV. PETITIONER'S IMPENDING DETENTION IS A "FUTURE RESTRAINT" ON HIS LIBERTY AND IT IS UNCONSTITUTIONAL

V. PETITIONER HAS COGNIZABLE DUE PROCESS RIGHTS

VI. PETITIONER'S STATUS IS "STATELESS" AND "UNDEPORTABLE"

VII. PETITIONER DOES NOT CONSTITUTE "FLIGHT RISK"

VIII. PETITIONER DOES NOT CONSTITUTE "DANGER" TO SOCIETY

IX. PETITIONER'S IMPENDING DETENTION CONSTITUTES PUNISHMENT FOR THE PETITIONER'S LATEST CONVICTION

X. PETITIONER'S IMPENDING DETENTION VIOLATES DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT

XI. PETITIONER MUST BE RELEASED FROM CUSTODY OF THE I.N.S. PENDING REVIEW PURSUANT TO RULE 23(C) OF THE FEDERAL RULES OF APPELLATE PROCEDURE

(Petitioner's Application for Writ, pg. 5–6). On June 26, 2003, Petitioner filed a Motion For Appointed Attorney and a Motion For Discovery.

■ On July 1, 2003, Respondent filed his Answer To Petition For Writ of Habeas Corpus claiming that Petitioner's claim is not ripe and thus this Court lacks jurisdiction to grant Petitioner habeas relief. A general challenge to post-removal detention is construed as an application for habeas relief under 28 U.S.C. § 2241.[1] *Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Under 28 U.S.C. § 2241, Petitioner must show that he is in the custody of the United States in violation of the Constitution or laws or treaties of the United States.

■ Respondent contends that Petitioner, confined by MDOC, is not in the custody of the United States such that he lacks standing to seek habeas relief under 28 U.S.C. § 2241. Petitioner argues, however, that he is " 'in custody' of the INS for purposes of entitlement to habeas corpus" relief (Petitioner's Response To The Respondent's Answer To Petitioner's Writ of Habeas Corpus, pg. 2). To support this position, Petitioner cites *Mendonca v. INS*, 52 F.Supp.2d 155 (D.Mass.1999), *aff'd*, 201 F.3d 427, 1999 WL 1295834 (1st Cir.1999), where the court held;

> Although alien was not in the physical custody of Immigration and Naturalization Service (INS), he was nonetheless 'in custody' for the purposes of habeas corpus statute because he was subject to a final order of deportation.

In *Mendonca*, the petitioner was subject to a final order of removal but was not in the physical custody of INS. Because the petitioner was not in the physical custody of INS, the court had to determine whether he had standing under 28 U.S.C. § 2241 to seek habeas relief. Mr. Mendonca's complaint, although "not styled as a petition for habeas corpus relief under 28 U.S.C. § 2241", was liberally construed as a habeas petitioner under § 2241 because Mr. Mendonca was challenging the grounds which served as the basis of his final order of removal. In determining that he had standing under 28 U.S.C. § 2241, the court pointed out that;

---

1. 28 U.S.C. § 2241, Power to grant writ. (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had. (c) The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

'custody,' in the ... context [of the district courts' habeas jurisdiction under section 106 of the INA], refers not only to [literal] confinement ..., but also [to] that restriction of movement resulting from any final order of deportation.

*Mendonca,* 52 F.Supp.2d at 159 (quoting *Daneshvar v. Chauvin,* 644 F.2d 1248, 1251 (8th Cir.1981))(internal citations omitted). Thus, *Mendonca* stands for the proposition that an alien subject to a final order of removal and who is not in the physical custody of INS may file an application for habeas relief under 28 U.S.C. § 2241 challenging the grounds upon which the final order of removal was entered. Because Petitioner is subject to a final order of deportation, he is considered to be "in custody" for purposes of entitlement to habeas relief. However, he must now establish that he is "in custody in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. § 2241(c)(3).

## POST REMOVAL DETENTION; 8 U.S.C. § 1231

After an alien is ordered removed from the United States, the Attorney General must remove the alien within a period of ninety days. 8 U.S.C. § 1231(a)(1)(A). This period of ninety days may be extended an additional ninety days thus allowing the Attorney General a total period of six-months in which to remove an alien subject to an order of removal. 8 U.S.C. § 1231(a)(1)(C). The United States Supreme Court has upheld the constitutionality of the six-month detention period following a final order of removal. *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Generally, the six month period begins to run on the date the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i)-(ii). Where an alien subject to a final order of removal is imprisoned, "the Attorney General may not remove [the] alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). Specifically, the statute provides:

(a) Detention, release, and removal of aliens ordered removed.

(1) Removal period.

(A) In general, Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

(B) Beginning of period. The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

(4) Aliens imprisoned, arrested, or on parole, supervised release, or probation.

(A) In general, Except as provided in section 343(a) of the Public Health Service Act ..., the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal.

8 U.S.C. § 1231(a)(1),(4).

■ Here, petitioner became the subject of a final order of removal on September 14, 2000, but was not taken into custo-

dy until July 10, 2000. Petitioner was voluntarily released from INS custody on December 22, 2000. On July 1, 2001, Petitioner was convicted of first degree retail fraud under Michigan law and sentenced to a term of fourteen months to ten years imprisonment which he is still currently serving. Petitioner is not in the custody of INS. Rather, he is incarcerated by MDOC pursuant to a judgment issued by a Michigan court. Thus, he is not in the custody of INS for purposes of invoking the provisions of 8 U.S.C. § 1231.[2] Accordingly, Petitioner is not entitled to habeas relief under 8 U.S.C. § 1231.

■ Next, "Petitioner challenges the statutory framework that permits his post-removal-period detention. More specifically, he claims that,

> if [he] will be released on parole from the State prison, it will be only if and when the M.D.O.C. Parole Board will be convinced that Petitioner would not present any danger to Society.

> INS is unable to effectuate [his] removal in [the] reasonably foreseeable future, if ever, [and] the Respondent seeks to detain Petitioner indefinitely and possibly permanently with intention to punish Petitioner for his latest conviction, and without any trial.

> Petitioner's impending unreasonable and unauthorized by the Congress detention, which would not serve its purported immigrational purpose but only would be another imprisonment, violates Petitioner's liberty interests and rights recognized by the:

> a) Due Process Right,

> b) Cruel and Unusual Punishment, and

c) Double Jeopardy

Clauses of the V, VIII, and XIV Amendments."

(Petitioner's Response, pg. 5–6). Petitioner's arguments are without merit for the following reasons.

Numerous courts have held that an alien subject to a final order of removal cannot be removed until the completion of his prison sentence. *See generally Fernandez–Collado v. INS*, 644 F.Supp. 741 (D.Conn.1986), *aff'd without op.*, 857 F.2d 1461 (2d Cir.1987)(INS detainer served on alien in prison may not be removed in habeas corpus proceeding as alien is not in custody of INS; since sentenced inmate cannot be deported while imprisoned, INS may not consider release or custody of alien until after his release from prison); *United States v. Buide–Gomez* 744 F.2d 781 (11th Cir.1984), *reh. denied*, 751 F.2d 394 (11th Cir.1984)(en banc), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1774, 84 L.Ed.2d 833 (1985)(finding that alien sentenced to imprisonment cannot be deported until alien is released from confinement); *Walford v. INS*, 48 F.3d 477 (10th Cir.1995)(holding due process rights of alien prisoner serving his criminal sentence are not violated by existence of INS detainer issued pursuant to order of deportation since alien does not attack legality of deportation order and district court may not compel INS to enforce its order of deportation against convicted alien prior to expiration of his period of incarceration); *Tak Cheong Hau v. Moyer*, 576 F.Supp. 844 (N.D.Ill.1983)(deportation is stayed in order to allow state to complete criminal proceedings against alien). As such, Petitioner is not entitled to habeas relief on

---

**2.** Although this Court previously found that Petitioner was "in custody" under *Mendonca*, that finding was specific to establishing that Petitioner had sufficient standing to seek habeas relief under 28 U.S.C. § 2241. In order to demonstrate a violation of 8 U.S.C. § 1231, Petitioner must show that he is in actual custody of the United States (INS) in violation of the express language of the statute. Because Petitioner is incarcerated by MDOC and not in the custody of INS, he has failed to establish a violation of 8 U.S.C. § 1231.

the ground that the statutory framework authorizing post-removal detention is unconstitutional.

◼ Next, Petitioner contends that the MDOC parole board will not release him from custody until they are "convinced that Petitioner would not present any danger to Society" (Petitioner's Response, pg. 5). Petitioner is unable to assert a due process claim in connection with the denial of his parole. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend XIV, § 1. By its terms, therefore, the particular procedures required by the clause apply only to deprivations of "life, liberty, or property;" they do not apply to deprivations of other interests. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). In this case, plaintiff has no liberty or property interest in being released on parole, and thus the Due Process Clause does not require the state to follow any particular procedures.

◼ "A liberty interest can arise in one of two ways: (1) from the Due Process Clause itself; or (2) from a state or federal statute." *Ho v. Greene,* 204 F.3d 1045, 1058 (10th Cir.2000). *See generally, Sandin v. Conner,* 515 U.S. 472, 477–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). As to the first, of its own force "[t]he [D]ue [P]rocess [C]lause does not guarantee an inmate a right to parole." *Marshall v. Mitchell,* 57 F.3d 671, 672 (8th Cir.1995); *accord Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Mayberry v. Hudson,* No. 92–2358, 1993 WL 147575, at *1 (6th Cir. May 5, 1993) (citing *Greenholtz* and *Board of Pardons v.*

*Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987)). Thus, plaintiff has a protected liberty interest only if Michigan law creates such an interest.

◼ In the parole context, whether a state law creates a protected liberty interest "turn[s] on the presence or absence of language creating 'substantive predicates' to guide discretion." *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 462, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). Thus, to create a liberty interest the regulations at issue must "contain 'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow[.]" *Id.* at 463, 109 S.Ct. 1904; *accord Marshall,* 57 F.3d at 672. Under Michigan law, "a prisoner's release on parole is discretionary with the parole board." MICH. COMP. LAWS § 791.234(8); *see also, People v. Moore,* 164 Mich.App. 378, 387–88, 417 N.W.2d 508, 512 (1987). Thus, "Michigan's state statutes do not create an explicit entitlement to parole," and thus do not give rise to a protected liberty interest. *White v. Kelly,* 82 F.Supp.2d 1184, 1189 (D.Colo.2000) (considering federal prisoner's challenge to denial of parole hearing by Michigan authorities); *accord Mayberry,* 1993 WL 147575, at *1 (same); *Canales v. Gabry,* 844 F.Supp. 1167, 1171 (E.D.Mich.1994) (Gilmore, J., adopting Report of Morgan, M.J.) (same); *cf. Marshall,* 57 F.3d at 672–73. As the Sixth Circuit has explained:

> After *Olim* [*v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) ] and *Inmates* [*of Orient Correctional Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233 (6th Cir.1991) ], it became clear that procedural statutes and regulations governing parole do not create federal procedural due process rights[.] ... The Michigan procedural

limitations do not detract from the broad powers of the Michigan authorities to deny parole. So long as the parole discretion is broad, as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules. *Olim*, 461 U.S. at 249, 103 S.Ct. 1741. The parole authorities of the State of Michigan may have been required to follow their own procedural statutes and regulations on parole . . . as a matter of *state* law, but there is not now any viable legal theory by which Michigan state authorities are required to follow such rules as a matter of *federal* due process.

*Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994) (en banc) (footnote and parallel citation omitted) (emphasis in original); *see also, Moore v. Hofbauer*, 144 F.Supp.2d 877, 882 (E.D.Mich.2001) (Tarnow, J.).

Because petitioner has no liberty interest in parole, he cannot show that he was or will be denied any liberty interest without due process of law by the Board's failure to grant him release on parole. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this ground.

In his last two arguments, Petitioner alleges that INS is "unable to effectuate Petitioner's removal in [the] reasonably foreseeable future, if ever [and] the Respondent seeks to detain Petitioner indefinitely and possibly permanently with intention to punish Petitioner for his latest conviction, and without any trial." Petitioner goes on to claim that his "impending . . . detention, violates [his] liberty interests and right[ ] . . . [of] due process . . ., cruel and unusual punishment, and double jeopardy clauses of the V, VIII, and XIV Amendments." To the extent that Petitioner alleges a future harm, namely his "impending detention" by INS, his claims are not ripe for this Court's review.

The ripeness doctrine precludes judicial review of those matters that are premature because the injury is speculative and may never occur. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *see also Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972)(explaining that ripeness asks whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"); *Nat'l Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 284 (6th Cir.1997)("Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Ripeness is, thus, a question of timing.")(internal citations omitted). Here, Petitioner implicitly argues that upon his release from MDOC, INS intends to "indefinitely and possibly permanently" detain him in contravention of 8 U.S.C. § 1231. Because Petitioner is not currently in the possession of INS, he cannot demonstrate an immediate harm under 8 U.S.C. § 1231. To the extent that Petitioner alleges a future violation of § 1231, his claim must fail as it is not ripe. *Olajide v. Wrona*, 2004 WL 63967, *2 (E.D.Mich.2004)(J. Lawson)(finding that petitioner was not entitled to judicial review of his detention [under 8 U.S.C. § 1231] until the six-month period passes)(citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.2002)(internal quotations omitted).

Accordingly, this Court recommends that Petitioner's Application for the Writ of Habeas Corpus be DENIED.

### NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within

ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection # 1," "Objection # 2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection # 1," "Response to Objection # 2," etc.

## ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND TO APPOINT COUNSEL

Before the Court are habeas petitioner Vladimir Lemeshko's Motions For Discovery and For Appointed Counsel. Respondent filed an Answer to Petition For Writ of Habeas Corpus. On March 23, 2004, this Court issued a Report and Recommendation recommending that Petitioner's application be DENIED as he failed to demonstrate that he was being held in custody in violation of the Constitution or laws or treaties of the United States. For the reasons set forth below, Petitioner's Motions For Discovery and For Appointed Counsel are DENIED.

 A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002), *cert. denied*, 538 U.S. 984, 123 S.Ct. 1793, 155 L.Ed.2d 677 (2003), *reh. denied*, —— U.S. ——, 123 S.Ct. 2666, 156 L.Ed.2d 677 (2003); *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir.1999); 18 U.S.C. § 3006A(a)(2)(B) provides, "[w]henever the United States magistrate [United States magistrate judge] or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 or title 28. The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir.1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D.Mich.2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir.1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F.Supp. 879, 885 (D.S.D.1997).

 Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F.Supp.2d 1128, 1129 (W.D.Mich.1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

 Here, Petitioner filed a Response To The Respondent's Answer To Petitioner's Writ of Habeas Corpus, in which he raised several claims for habeas relief. Petitioner's claims were sufficiently clear and coherently organized as to allow this Court to weigh the merits of his claims. Of these claims, none was meritorious. In light of this Court's recommendation that Petitioner's application for the Writ of Habeas Corpus be DENIED, the appointment of counsel would be futile and would not serve the interest of justice. Therefore, Petitioner's Motion To Appoint Counsel is DENIED without prejudice to his ability to re-file in the future if this Court does not accept the report and recommendation denying Petitioner habeas relief.

In Petitioner's Motion For Discovery, he asks this Court to order the Respondent to produce [e]very record, document, [and] memorandum that Respondent may or will use as the evidence of the Petitioner's dangerousness to the Public ... or [those documents] that will be used as the evidence against petitioner's challenge to his impending detention." Petitioner's Motion For Discovery, pg. 1–2). Because Petitioner's claims regarding his possible "impending detention" are not ripe for this Court's review and because Petitioner has failed to demonstrate any additional legal grounds sufficient to support his Motion For Discovery, the same is DENIED.

Accordingly, Petitioner's Motions For Discovery and Appointed Counsel are DENIED.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed.R.Civ.P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).