# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2803

_____

| | | |
|---|---|---|
| John Quincy Adams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Denis Agniel, Chair; Department of | * | Eastern District of Missouri. |
| Probation and Parole; Jim Yonker, | * | |
| District Administrator D.O.C.; Steve | * | [PUBLISHED] |
| Long, Assistant Director (Zone 1) | * | |
| D.O.C., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 7, 2005
Filed: May 2, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Quincy Adams appeals the district court's dismissal of his complaint filed under 42 U.S.C. § 1983. Adams, a Missouri inmate, was denied parole based on what he claims are erroneous factual determinations about his past drug and alcohol abuse. He sought damages and equitable relief in the form of corrections to his parole record. The district court dismissed Adams's action as frivolous under 28 U.S.C. § 1915(e)(2)(B), interpreting the complaint as requesting early release, which could

be obtained only through a petition for writ of habeas corpus. We conclude that the district court correctly dismissed any claim for damages, but erred in dismissing the complaint for equitable relief on the ground stated. We nevertheless affirm the dismissal, because Adams failed to state a claim under section 1983.

If Adams were attacking the validity of his confinement, his claim could be properly pursued only through a habeas action after exhausting state remedies. See *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973). But Adams is requesting corrections to his parole record, rather than challenging the legality of his sentence or seeking immediate or speedier release. Thus, the case falls within the narrow class of cases in which a prisoner can file a section 1983 action seeking equitable relief. *See Wilkinson v. Dotson*, 125 S. Ct. 1242, 1245 (2005); *Otey v. Hopkins*, 5 F.3d 1125, 1130-32 (8th Cir. 1993).

In this case, however, it is evident that Adams cannot prove facts that would entitle him to relief under section 1983. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court held in *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and our court has held that the Missouri parole statutes "create no liberty interest" under state law in the parole board's discretionary decisions. *Marshall v. Mitchell*, 57 F.3d 671, 673 (8th Cir. 1995).

There is reason to question whether a prisoner has any other basis for a constitutional claim to correct information in a parole file, *see Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997), but that issue has not been briefed and argued in this case. Assuming, *arguendo*, that such a claim might be viable in an extreme case, Adams attached exhibits to his complaint that refute any claim that the State acted arbitrarily, or knowingly used false information, to deny Adams parole. These exhibits included information that Adams provided "a self-reported history of alcohol abuse," that he told prison staff that his sexual abuse charges often stemmed

from alcohol use, that Adams "acknowledged periods of daily intoxication, blackouts for days and weeks at a time, alcohol abuse when depressed, and attendance at Alcoholics Anonymous meetings following [his] previous prison sentence for Sexual Assault," and that Adams acknowledged he was intoxicated when he committed a sexual assault. While Adams alleges that the parole board made a determination that was "unreasonable" and "egregious," that he has never been arrested for alcohol abuse, and that he has no "alcohol problem," he does not assert that his own exhibits detailing his self-reported involvement with alcohol include false information.

Accordingly, we affirm the dismissal on this alternative ground. *See Miller v. Benson*, 51 F.3d 166, 170 (8th Cir. 1995).

_____